# EXHIBIT 1

FILED DATE: 6/15/2021 7:16 PM   2021L006165

FILED
6/15/2021 7:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006165

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| **MARY ANN ARNOLD** ) | |
|   Plaintiff, ) | |
| ) | Case No. __2021L006165__ 3698625 |
| v. ) | |
| ) | **JURY DEMAND** |
| **UNITED AIRLINES, INC.** ) | |
|   Defendant. ) | |

### Complaint and Jury Demand

Plaintiff, Mary Ann Arnold, (herreinafter "Complainant," Pro se), complains against Defendant, United Airlines, Inc.., (herreinafter, "Defendant") as follows:

### Nature of the Action

1. This is an action brought pursuant to the Illinois Human Rights Act (IHRA), 775 5/1-101-999.999, Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. for age discrimination and retaliation for having complained of age discrimination. In addition, Plaintiff brings an action under Title VII of the Civil Rights Act of 1964 for hostile workplace harassment and sexual harassment, and the Illinois Human Rights Act 775 5/1-101-999.99.

### Parties

2. Plaintiff, age 52, is an individual residing in Huber Heights, Ohio.

3. At all relevant times, Plaintiff was an employee of Defendant. At the time of the occurrences, herein stated, Plaintiff was living and working in Chicago, Illinois.

4. On information and belief, Defendant is a Delaware corporation with its principal place of business in Chicago, Illinois.

5. At all times relevant to the allegation in this Complaint, Defendant operated from a facility in Chicago, Illinois.

6. Defendant is an airline and is principally engaged in the business of public transportation.

7. At all relevant times, Defendant employed more than 20 people.

### Jurisdiction and Venue

8. Thers Court has jurisdiction over this matter pursuant to 775 ILCS 5/7A-104, and 28 U.S.C. §1331 as this matter involves a violation of the Illinois Human Rights Act and the Age Discrimination and Employment Act (ADEA).

9. Ther Illinois Circuit Court is the proper venue for this action pursuant to 775 ILCS 5/7A-104 and 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Defendant does business and in which a substantial part of the events or omissions giving rise to the claims occurred.

### Procedural Prerequisites

10. On 03/02/2020, Plaintiff filed a charge of discrimination against Defendant with the Illinois Department of Human Rights (IDHR).

11. More than sixty days have elapsed since Plaintiff filed her charge with the IDHR.

12. Plaintiff received a right to sue letter dated March 19, 2021, and fewer than ninety days have elapsed since Plaintiff received the same.

### Factual Background

13. Plaintiff was born in 1968 and was 51 years old when she filed her charge of discrimination.

14. Plaintiff began working for Defendant in March 1994 as an Airport Sales Agent.

15. Plaintiff served as an Airport Sale Agent for Defendant through 2008.

16. Plaintiff was promoted in March 2008 to Lead Customer Service Representative.

17. In June 2009, Plaintiff was promoted to Hub Manager Airport Operations.

18. In May 2014, Plaintiff was promoted to Project Quality Supervisor.

19. In December 2015, Plaintiff was promoted to Supervisor Airport Operations, Change Management – Special Projects.

18. In February 2017, Plaintiff was demoted to Supervisor Airport Operations.

19. In August 2017, Plaintiff received a promotion to Staff Representative Customer Service Delivery-Global Operations Strategy Planning and Design.

20. In December 2018, Plaintiff moved into a lateral position as Sr. Staff Representative C.S.D.

21. In September 2019, Plaintiff was promoted to Sr. Writer, Operations Communications, Corporate Communications.

22. On or about September 2019, after having made complaints of Age Discrimination, harassment, retaliation, and having been sexually harassed by a co-worker, Plaintiff was demoted to Staff Writer.

23. Plaintiff was placed on a Performance Improvement Plan in 2020, during the Covid 19 crisis.

24. Plaintiff was constructively discharged after having repeatedly suffered from harassment, hostile work environment, retaliation, age discrimination, and sexual harassment.

### COUNT I: AGE DISCRIMINATION

25. Plaintiff realleges and incorporates in this Count I paragraphs 1-25.

26. On or about February 2017, Defendant conducted a corporate re-structure, which targeted 300 employees over the age of 40. On or about February 16, 2017, Plaintiff was denied promotions, ostracized from her team, and told that she would be terminated if she did not find another job.

27. Plaintiff was constructively discharged on or about June 3, 2020.

28. Plaintiff's age was a determining factor in Plaintiff's constructive discharge.

29. Defendant knowingly and willfully targeted Plaintiff on the basis of her age in violation of the IDHR and the ADEA.

### COUNT II – HOSTILE WORK ENVIRONMENT HARASSMENT

30. Plaintiff realleges and incorporates in this Count II paragraph 1-29.

31. After Plaintiff complained of Age Discrimination in 2017 and Sexual Harassment in 2018, Plaintiff was continually harassed, ostracized, and isolated from her team members,

overlooked for promotions and job assignments, belittled by her Supervisors, and not selected for favorable job assignments.

32. Plaintiff was subsequently placed on a Performance Improvement Plan (P.I.P.) in 2020, but there was no oversight or continued coaching to provide Plaintiff with feedback on her performance. Plaintiff believes she was placed on a P.I.P. so that Defendant could target her for furlough during the Covid 19 crisis.

### COUNT III: SEXUAL HARASSMENT

33. Plaintiff realleges and incorporates in this Count III paragraphs 1-32.

34. On or about June 26, 2018, Plaintiff was sexually harassed by her Senior Manager, Stephen Jones, while on a business trip. Mr. Jones made sexually provocative comments and insisted that Plaintiff accompany him to his hotel room.

35. Plaintiff complained to Defendant on or about September 26, 2018.

### COUNT IV: RETALIATION

36. Plaintiff realleges and incorporates in this Count IV paragraphs 1-35.

37. In August 2017, Plaintiff participated in protected activity when she complained to Defendant about age discrimination.

38. In September 2018, Plaintiff participated in protected activity when she complained to Defendant about the sexual harassment she experienced by her Sr. Manager.

38. Since 2017, Plaintiff has been continually retaliated against. She has been denied promotions and transfers to new job assignments. In addition, Plaintiff has been constantly harassed by her Supervisors.

39. Plaintiff's Performance Reviews have dramatically dropped since 2018. Plaintiff's Performace Reviews before 2017 were positive. In 2019 and 2020, after 20 years working for Defendant, Plaintiff received a negative Performance Review.

40. Plaintiff believes the retaliation she experienced is a direct result of the complaints she made in 2017 and 2018 regarding Age Discrimination and Sexual Harassment.

### COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff realleges and incorporates in this Count V paragraphs 1-40.

42. Plaintiff has suffered severe emotional distress due to the actions of Defendant. Plaintiff believes Defendant was aware of the emotional distress suffered by Plaintiff.

43. Plaintiff has suffered from loss of sleep, severe anxiety, nervousness, severe depression, feelings of hopelessness, and unworthiness. Plaintiff has panic attacks and has been diagnosed with Adjustment Disorder.

44. All of Plaintiff's ailments were caused by the conduct of Defendant and Defendant's employees.

**WHERREFORE**, Plaintiff respectfully requests the following relief:

Entry of judgment in favor of Plaintiff and against Defendant;

1. Back pay;
2. front pay;
3. Liquidated damages pursuant to 29 U.S.C. §626(b) and the IHRA;

4. Attorneys fees and costs;

5. monetary damages; and

5. Other such relief as may be appropriate to effectuate the purposes of the IHRA, the ADEA, and Title VII of the Civil Rights Act of 1964.

Respectfully submitted,

_____
MARY ANN ARNOLD, Pro Se
6629 Loblolly Dr.
Huber Heights, OH 45424
T:216-767-7219
E: missmaryann68@gmail.com

FILED DATE: 6/15/2021 7:16 PM  2021L006165

FILED
12/9/2021 12:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006165

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARY ANN ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2021-L-006165 |
| | ) |
| UNITED AIRLINES, INC., | ) Hon. Iris Y. Martinez |
| | ) |
| Defendants. | ) JURY DEMAND |

### AMENDED COMPLAINT

NOW COMES Plaintiff, MARY ANN ARNOLD, by and through her attorneys, the LAW OFFICES OF GOLDMAN & EHRLICH, CHTD., as her Amended Complaint against Defendant, UNITED AIRLINES, states as follows:

### NATURE OF THE ACTION

This is an action for age discrimination and retaliation under the Illinois Human Rights Act, 775 ILCS 5/1–101 *et seq.* ("IHRA"), and Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA").

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 626(c)(1) and 775 ILCS 5/7A–101 *et seq.*

2. Venue is proper because Defendant conducts business in Cook County, and the acts giving rise to this action occurred within Cook County.

3. Plaintiff MARY ANN ARNOLD ("Plaintiff") is a resident of the State of Ohio, and has been employed for Defendant in a variety of positions since 1994.

4. Defendant UNITED AIRLINES ("Defendant") is a corporation incorporated under the laws of the State of Delaware.

1

## BACKGROUND

5. Plaintiff was born in 1968. At all relevant times, Defendant has been aware of Plaintiff's age. She began working for Defendant in March, 1994, as an Airport Sales Agent. Plaintiff served in that position until 2008.

6. In March, 2008, Plaintiff was promoted to Lead Customer Service Representative.

7. In June, 2009, Plaintiff was promoted to Hub Manager, Airport Operations.

8. In May, 2014, Plaintiff was promoted to Project Quality Supervisor.

9. In December, 2015, Plaintiff was promoted to Supervisor Airport Operations, Change Management – Special Projects.

10. In February, 2017, Plaintiff was demoted to Supervisor Airport Operations by then Director Danyale Hawkins during a corporate restructure that targeted 300 employees over the age of 40. On or about February 16, 2017, Plaintiff was denied promotions, ostracized from her team, and told that she would be terminated if she did not find another job.

11. In August, 2017, Plaintiff received a promotion to Staff Representative Customer Service Delivery-Global Operations Strategy Planning and Design.

12. Plaintiff was on a team that served the frontline employees. Plaintiff's team worked on communications policies and procedures. She created and drafted various project communication, changes to policies for airport employees, and handled a variety of other projects.

13. Plaintiff never had any performance issues until after she filed internal complaints.

14. On August 10, 2017, Plaintiff complained about age discrimination to Michael Ciezadlo, Senior Manager Human Resources. She filed an internal and an external complaint

about being targeted for furlough. The complaint alleged age discrimination, harassment and retaliation. She also filed a charge with IDHR, but later withdrew.

15. The internal investigation found some evidence of retaliation, and that manager was reduced in force in summer of 2018.

16. On July 7, 2018, Plaintiff anonymously filed an internal complaint of sexual harassment by then direct manager about an incident that occurred in June 2018, on a business trip.

17. On September 26, 2018, Plaintiff refiled the same sexual harassment complaint referenced in ¶ 16 above with Defendant's ethics hotline, this time using her name, due an escalation of the harassment that she was experiencing. Plaintiff also requested a full investigation.

18. In December, 2018, Plaintiff moved into a lateral position as Sr. Staff Representative C.S.D. This move occurred following the investigation of sexual harassment, during which Defendant apparently did not interview anyone or review hotel tapes. Plaintiff made the lateral move in order to avoid having to continue to report to her harasser. The move negatively impacted Plaintiff, her team, and her business owners.

19. In September, 2019, Plaintiff's title changed to Sr. Writer, Operations Communications, Corporate Communications.

20. In September, 2019, Plaintiff's team was restructured to align the two different communications teams for business efficiency. Plaintiff's job title changed as a result. She was told that it was effective September 3, 2019, in a meeting around the end of August, 2019. Plaintiff did not receive a new job description. Previously, Plaintiff's responsibilities were mainly project-based, and she was considered a subject matter expert.

21. At the time of the restructure, Plaintiff was working on a large project that was almost 85% complete, and she was told that the project was being given to a younger employee. Defendant told Plaintiff that she was being placed in a production role, completely changed her responsibilities, and took away her projects without warrant or explanation.

22. Stephanie Millichap, Director, Employee Communications and Change Management, informed Plaintiff that her responsibilities were being changed. Some employees were furloughed following the restructure.

23. Beginning on September 3, 2019, Plaintiff was harassed in Defendant's workplace based on age and in retaliation for participating in a protected activity. Laura Patterson (Director of Operations Communications), Courtney Schall (Senior Manager of Operations Communications), and Preet Michelson (Managing Director of Corporate Human Resources) engaged in harassment against Plaintiff in the following ways:

   a. In September 2019, Patterson began to closely scrutinize Plaintiff's performance;

   b. From September 3, 2019, through February 21, 2020, Schall refused to provide Plaintiff with coaching and guidance;

   c. On October 1, 2019, Michelson asked Plaintiff about her seniority and asked if Plaintiff planned to work for Defendant long-term;

   d. Beginning on February 7, 2020, Schall scrutinized Plaintiff's performance, gave Plaintiff tight and unrealistic deadlines, and sent her frequent e-mails indicating that Plaintiff was not meeting performance improvement plan expectations.

24. Plaintiff did not have any documented performance issues until 2020. In 2020, Plaintiff was placed on a Performance Improvement Plan.

4

25. On March 2, 2020, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"), alleging age discrimination and retaliation.

26. On May 20, 2020, Plaintiff was constructively discharged after being repeatedly subjected to harassment, hostile work environment, retaliation, age discrimination, and sexual harassment.

27. On March 19, 2021, IDHR issued a Notice of Dismissal for Lack of Substantial Evidence.

28. Plaintiff's IDHR charge was automatically cross-field with the Equal Employment Opportunity Commission ("EEOC"). Following her receipt of the IDHR Notice of Dismissal, Plaintiff's counsel has requested a Right to Sue Letter from the EEOC several times in writing and by phone, but has not yet received the Right to Sue Letter.

## COUNT I – AGE DISCRIMINATION UNDER IHRA

29. Plaintiff is a member of a protected class under IHRA.

30. Plaintiff was meeting Defendant's legitimate expectations.

31. She suffered adverse employment actions when she was demoted, given a poor performance evaluation and a performance improvement plan and subjected to a variety of harassing actions.

32. Individuals outside of Plaintiff's protected group were not subjected to the same adverse employment actions based on their age.

33. Defendant's proffered reasons for its actions are pretext for discrimination.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

5

## COUNT II – AGE DISCRIMINATION UNDER ADEA

35. Plaintiff restates and realleges ¶¶ 1-34 of Count I as ¶ 35 of Count II.

36. Plaintiff is a member of a protected class under ADEA.

37. Plaintiff was meeting Defendant's legitimate expectations.

38. She suffered an adverse employment action when she was demoted, given a poor performance evaluation and a performance improvement plan and subjected to a variety of harassing actions.

39. Individuals outside of Plaintiff's protected group were not subjected to the same adverse employment actions based on their age.

40. Defendant's proffered reasons for its actions are pretext for discrimination.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

## COUNT III – RETALIATION UNDER IHRA

42. Plaintiff restates and incorporates ¶¶1-41 of Count II as ¶ 42 of Count III.

43. Plaintiff engaged in protected activity under IHRA when she complained about age discrimination and harassment.

44. Plaintiff suffered adverse employment action when she was demoted and subjected to a variety of harassing actions.

45. Defendant took the aforementioned adverse actions due to her protected Activity.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

## COUNT IV – RETALIATION UNDER ADEA

47. Plaintiff restates and incorporates ¶¶1-46 of Count III as ¶ 47 of Count IV.

48. Plaintiff engaged in protected activity under ADEA when she complained about age discrimination and harassment.

49. Plaintiff suffered an adverse employment action when her position was demoted, and subjected to a variety of harassing actions.

50. Defendant took the aforementioned adverse actions due to her protected Activity.

51. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe and substantial damages.

**WHEREFORE**, Plaintiff MARY ANN ARNOLD requests that this court enter a judgment in her favor and against Defendant UNITED AIRLINES, INC., and that Plaintiff be awarded the following relief:

  a. Backpay and any negative tax consequences resulting from a lump sum payment;

  b. Front Pay;

  c. Compensatory damages and punitive damages;

  d. Reasonable attorney's fees and costs of suit; and

  e. Any other and further relief as this Court deems just.

Signature to follow

FILED DATE: 12/9/2021 12:29 PM  2021L006165

Dated: December 9, 2021

*Respectfully submitted,*

*/s/ Sam Sedaei*

Sam Sedaei of the Law Offices of Goldman & Ehrlich, Chtd., as attorney for Plaintiff MARY ANN ARNOLD

Sam Sedaei
Jonathan C. Goldman
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 332-6733
Sam@GoldmanEhrlich.com
Jon@GoldmanEhrlich.com

8

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | (01/25/17) CCG N001 |
| Summons - Alias Summons | | |

FILED DATE: 12/13/2021 9:52 AM 2021L006165

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MARY ANN ARNOLD

(Name all parties)

v.

No. 2021-L-006165

UNITED AIRLINES, INC

### ◉ SUMMONS ○ ALIAS SUMMONS

To each Defendant: CT Corporation System, Registered Agent, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602
☐ District 2 - Skokie  ☐ District 3 - Rolling Meadows  ☐ District 4 - Maywood
   5600 Old Orchard Rd.  2121 Euclid  1500 Maybrook Dr.
   Skokie, IL 60077  Rolling Meadows, IL 60008  Maywood, IL 60153
☐ District 5 - Bridgeview  ☐ District 6 - Markham 16501  ☐ Child Support: 50 W.
   10220 S. 76th Ave.  S. Kedzie Pkwy. Markham,  Washington, LL-01,
   Bridgeview, IL 60455  IL 60428  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:
This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 58698
Name: Sam Sedaei
Atty. for: Plaintiff
Address: 10 S. LaSalle Street, Suite 1800
City/State/Zip Code: Chicago, Illinois 60603
Telephone: (312) 332-6733
Primary Email: sam@goldmanehrlich.com
Secondary Email:
Tertiary Email:

Witness:

12/13/2021 9:52 AM IRIS Y. MARTINEZ
DOROTHY BROWN, Clerk of Court
Date of Service:
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1



```
DIE DATE
01/13/2022

*0359543*

DOC.TYPE:    LAW
CASE NUMBER:  2021L006165
DEFENDANT                    SERVICE INF
UNITED AIRLINES INC          CT CORP SY
208 S LASALLE ST
CHICAGO, IL 60604
814
                             ATTACHED
```



# Service of Process Transmittal

12/23/2021
CT Log Number 540790259

**TO:** Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:** Process Served in Illinois

**FOR:** United Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARY ANN ARNOLD // To: United Airlines, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L006165 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/23/2021 at 03:21 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/23/2021, Expected Purge Date: 12/28/2021<br><br>Image SOP<br><br>Email Notification, Tom Campuzano thomas.d.campuzano@united.com<br><br>Email Notification, Maria Bustamante maria.bustamante@united.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Dec 23, 2021

**Server Name:** Sheriff Drop

| Entity Served | United Airlines Inc |
|---|---|
| Case Number | 2021L006165 |
| Jurisdiction | IL |

